**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Joseph S. Martin and Christopher Heikkila,<br><br>Defendants. | No. CR-14-00678-PHX-DGC<br><br>**ORDER** |

The Court has considered several motions filed in this case. This order will reflect the Court's rulings.

**A.    Government's Motion in Limine.**

The government has filed a motion in limine to preclude evidence barred by Federal Rules of Evidence 412 and 403. Doc. 63. Defendants have filed responses (Docs. 89, 100) and have lodged a supplemental filing under seal (Doc. 97). The government has not filed a reply.

Rule 412(b)(1)(B) provides that a defendant in a criminal case may present evidence of a victim's sexual behavior with the defendant in order to prove consent. Defendants propose to present evidence of the victim's sexual behavior with Defendant Martin on the night in question, as well as her communications during sexual activity with Defendant Heikkila, in order to show consent. Defendants also propose to present evidence regarding the victim's level of intoxication on the night in question, her tolerance of alcohol, her reputation for truthfulness, her motivation for engaging in sexual

1  behavior with Defendants (her recent breakup with her boyfriend who was at the party),
2  and similar evidence.

3        Although it appears that the victim's interactions with Defendants on the night in
4  question likely would be relevant on the issue of consent and permitted under
5  Rule 412(b)(1)(B), the Court concludes that this motion should be addressed at the
6  evidentiary hearing now scheduled for July 14, 2015, but to be rescheduled to another
7  date. A discussion of Defendants' proposed evidence and the government's objections
8  will enable the Court to make more accurate rulings than it could on the basis of the
9  parties' briefing, and would also be consistent with Rule 412(c)(2). The parties should be
10 prepared at the hearing to address the precise evidence of Defendants that may be
11 affected by the government's motion in limine.

12       **B.     Defendants' Motion to Sever.**

13       Defendant Heikkila has filed a motion to sever (Doc. 65) which Defendant Martin
14 has joined (Doc. 78). Defendants argue primarily that severance is warranted because the
15 admissions and statement of their codefendant, if admitted in a joint trial where the
16 codefendant cannot be cross-examined, will violate their right to confrontation under
17 *Bruton v. United States*, 391 U.S. 123 (1968). The government has filed a response.
18 Doc. 94.

19       Defendants are charged with conspiracy. The Ninth Circuit has made clear that "a
20 joint trial is particularly appropriate where the codefendants are charged with conspiracy,
21 because the concern for judicial efficiency is less likely to be outweighed by possible
22 prejudice to the defendants when much of the same evidence would be admissible against
23 each of them in separate trials." *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th
24 Cir. 2004); *see also United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980) (the
25 general rule in favor of joint trials "is also the rule in conspiracy cases"). A severance-
26 seeking defendant carries a heavy burden. "The defendant must demonstrate that a joint
27 trial is 'so manifestly prejudicial that it outweighs the dominant concern with judicial
28 economy and compels the exercise of the court's discretion to sever.'" *United States v.*

*Doe*, 655 F.2d 920, 926 (9th Cir. 1981) (quoting *United States v. Brashier*, 548 F.2d 1315, 1323 (9th Cir. 1976)); see *also Escalante*, 637 F.2d at 1201 (the party seeking "severance . . . has the burden of proving 'clear,' 'manifest.' or 'undue' prejudice from the joint trial") (citations omitted); *United States v. Vasquez-Velasco*, 15 F.3d 833, 845 (9th Cir. 1994) ("Rule 14 sets a high standard for a showing of prejudice."). The Court concludes that Defendants have been properly joined and, in light of the discussion below, have not carried their burden of showing that severance is warranted.

The Supreme Court held in *Crawford v. Washington*, 541 U.S. 36 (2004), that where testimonial evidence is to be presented at trial without an opportunity for cross-examination, "the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." 541 U.S. at 68. Neither Defendant has had an opportunity to cross-examine the other, so introduction of the other's testimonial evidence would violate the Confrontation Clause.

It is also true, however, that "co-conspirator statements are not testimonial and therefore beyond the compass of *Crawford*'s holding." *United States v. Allen*, 425 F.3d 1231, 1235 (9th Cir. 2005); *see also United States v. Bridgeforth*, 441 F.3d 864, 869 n.1 (9th Cir. 2006) (noting that the admissibility of co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E) survives *Crawford*). Similarly, a "statement made by a co-conspirator during and in furtherance of the conspiracy [is] not barred by *Bruton*." *Allen*, 425 F.3d at 1235 n.5. Furthermore, "[r]edaction of a nontestifying codefendant's confession, when accompanied by a proper limiting instruction, can prevent any *Bruton* violation." *United States v. Hoac*, 990 F.2d 1099, 1106 (9th Cir. 1993) (citing *Richardson v. Marsh*, 481 U.S. 200, 209, 211 (1987)).

The *Bruton* and *Crawford* issues raised by Defendants can be addressed under this law without the need for severance. Testimonial statements by Defendants can be redacted to eliminate any reference to the codefendant, provided the remaining statements do not include details that allow the codefendant to be identified. *Richardson*, 481 U.S. at 209; *Gray v. Maryland*, 523 U.S. 185, 190-91 (1998). The government has stated that

it will redact Defendants' confessions and interview statements to eliminate references to the codefendant. In addition, statements made by Defendants in furtherance of the alleged conspiracy, as noted above, are not barred by *Bruton* or *Crawford*.

Defendants Martin argues that he would call Defendant Heikkila to testify in his defense if Defendants were tried separately, and "expects" Heikkila would agree to testify. Doc. 78 at 4. But to obtain severance on the basis of a codefendant's anticipated testimony a defendant must show more than the "unsupported possibility" that the codefendant would testify in a separate trial. *United States v. Hackett*, 638 F.2d 1179, 1187 (9th Cir. 1980); *United States v. Castro*, 887 F.2d 988, 998 (9th Cir. 1989) (finding the assertion that a codefendant was likely to testify "failed to make the necessary foundational showing in support of [defendant's] severance motion."). Defendant Martin has not made the showing needed to obtain severance on this basis.

"There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id*. at 539. Defendants have not established that their Sixth Amendment right to confrontation will be infringed in a joint trial. Nor have they shown that a joint trial will be "'so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever.'" *Doe*, 655 F.2d at 926 (quoting *Brashier*, 548 F.2d at 1323).

The parties should be prepared to address at the July evidentiary hearing the testimonial statements to be offered by the government and how they will be redacted, as well as any other statements of Defendants the government intends to present at trial.

**C.     Motion to Determine Jurisdiction.**

Defendant Heikkila's jurisdictional motion suggests that the United States cannot properly exercise jurisdiction in this case because it did not properly consult with the government of Germany. Doc. 68. The government's response explains the relevant

- 4 -

statutory authority for this prosecution under the Military Extraterritorial Jurisdiction Act ("MEJA") and why Defendants fall squarely within the terms of MEJA. Doc. 92 at 4-7. The government also explains that the United States consulted with German criminal investigators and obtained their written consent to the prosecution of Defendants in the United States. *Id*. at 7-8 & Exhibits.

In his reply, Defendant Heikkila does not dispute the government's legal authorities or factual assertions concerning his qualification for prosecution under MEJA. Doc. 107. Defendant takes a different approach, arguing that the victim's father's relationship with United States criminal investigators somehow resulted in the investigation and prosecution of this case, and asserting that the case never would have been prosecuted by German authorities. Defendant suggests that this rises to the level of a due process violation, but cites no legal authority in support of his argument and provides no factual support for his suggestion of a biased investigation.

Defendant has failed to show that his prosecution in this case violates MEJA or any other relevant jurisdictional principle, or that it somehow violates due process.

**IT IS ORDERED** that Defendants' motion to sever and Defendant Heikkila's motion to determine jurisdiction (Docs. 65, 68, 78) are **denied**. The government's motion in limine (Doc. 63) is taken under advisement and will be resolved at the July evidentiary hearing.

Dated this 2nd day of June, 2015.

_____
David G. Campbell
United States District Judge