**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,  Plaintiff,  v.  Joseph S. Martin,  Defendant. | No. CR-14-00678-01-PHX-DGC  **ORDER** |

On August 18, 2021, the Court denied Defendant's Rule 60(b)(4) motion to vacate his conviction for lack of subject matter jurisdiction. Doc. 410. On August 25, 2021, Defendant filed a notice of appeal and a motion to prosecute the appeal *in forma pauperis* ("IFP") pursuant to 28 USC § 1915 and Federal Rule of Appellate Procedure 24. Docs. 411, 412.

A non-IFP party to a district court action who desires to pursue an IFP appeal must file a motion in the district court. Fed. R. App. P. 24(a)(1). Here, however, Defendant has filed a notice of appeal. "As a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997). Cases differ on whether Defendant's IFP status is an aspect of the case involved in the appeal. *See In re Ashai*, No. 2:13-BK-11265-ER, 2017 WL 5495501, at *4 (C.D. Cal. Nov. 13, 2017) ("[T]he District Court reasonably refrained from acting on Burrell's in forma pauperis motion during the pendency of this appeal in view of the fact that most appeals divest a district court of its jurisdiction to act.") (citing

*In Re Burrell*, 626 Fed. App'x. 33, 35 (3d Cir. 2015) (per curiam)); *Akers v. Keszei*, No. 2:07-CV-00572-JCM, 2012 WL 1810212, at *2 (D. Nev. May 17, 2012) ("[Because of plaintiff's appeal], this court no longer has jurisdiction over the question of plaintiff's in forma pauperis status and cannot revisit its prior ruling."); *but see Barr v. One Touch Direct*, No. 8:15-CV-2391-T-33MAP, 2016 WL 6037535, at *4 (M.D. Fla. Oct. 14, 2016) (noting that a district court order on a defendant's motion for leave to appeal IFP did not fit into the category of "those aspects of the case involved in the appeal.").

The Court will refrain from deciding Defendant's IFP motion now that this case is before the Court of Appeals. The Court notes that a certificate of appealability ("COA") may be required for Defendant to proceed with the appeal. *See U.S. v. Winkles*, 795 F.3d 1134, 1141-42 (9th Cir. 2015) (in the habeas context, a certificate of appealability is required to appeal the denial of a Rule 60(b) motion for relief). Defendant has not sought a COA in this Court. If the Court of Appeals refers the IFP or COA issues to this Court, the Court will address them promptly.

**IT IS ORDERED** that Defendant's IFP Motion (Doc. 411) is **denied**.

Dated this 27th day of August, 2021.

*David G. Campbell*
David G. Campbell
Senior United States District Judge