1    **WO**

2

3

4

5

6                        **IN THE UNITED STATES DISTRICT COURT**

7                         **FOR THE DISTRICT OF ARIZONA**

8

9    Joseph S. Martin,                          No. CV-21-00213-PHX-DGC
                                                    CR-14-00678-PHX-DGC
10                  Petitioner,
                                                 **ORDER**
11   v.

12   United States of America,

13                  Respondent.

14

15

16           Petitioner Joseph Martin filed a pro se petition to vacate his sentence pursuant to

17   28 U.S.C. § 2255.  Doc. 1.  Magistrate Judge John Boyle issued a report recommending

18   that the petition be dismissed as untimely ("R&R").  Doc. 18.  The government and Martin

19   filed objections.  Docs. 19, 20.  For reasons stated below, the Court will accept the R&R

20   with a minor modification and dismiss the petition.

21   **I.    Background.**

22           On September 3, 2015, Martin was convicted of sexual abuse and abusive sexual

23   contact following a six-day jury trial.  CR Docs. 245, 410.[1]  The Court sentenced Martin

24   to 96 months in federal custody followed by five years of supervised release.  CR Doc. 299

25   at 1.[2]  Martin filed a Notice of Appeal on April 3, 2016 (CR Doc. 301), and the Ninth

26   _____
         [1] Citations to "CR Docs." refer to documents filed in *United States v. Martin*, No.
27   2:14-cr-00678-DGC, the criminal case underlying Martin's petition.

28           [2] Martin was released from federal custody on March 12, 2021.  *See* Fed. Bur. Of
     Prisons, *Find an Inmate*, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_
     results (last visited June 14, 2022).

1   Circuit affirmed his conviction on April 9, 2018, *United States v. Martin*, 729 Fed. App'x

2   546 (9th Cir. 2018).

3          Martin mailed his § 2255 petition on January 30, 2021.  Doc. 1-1.  The petition was

4   received by the Court and filed on February 8, 2021.  *See* Docs. 1, 2.  The Court will assume

5   for purposes of this order that Martin filed his petition on January 30, 2021.  Martin asserts

6   four grounds for relief: (1) the Court did not have jurisdiction in his case; (2) the consent

7   to search his cellphone was invalid because he was under custodial interrogation when he

8   gave it; (3) any evidence obtained as a result of his consent to search should have been

9   suppressed because he was detained without probable cause when he gave consent; and

10  (4) trial counsel was ineffective for failing to call Nicholas Broccoli as a witness.  Doc. 1

11  at 5-8.  Martin asks the Court to vacate his sentence.  *Id.* at 10.

12  **II.    Judge Boyle's R&R.**

13         Judge Boyle recommends that Martin's petition be dismissed with prejudice

14  because it is barred by the one-year limitations period set forth in 28 U.S.C. § 2255(f)(1).

15  Doc. 18 at 3.  Judge Boyle found that because Martin did not file a petition for writ of

16  certiorari, his conviction became final on July 9, 2018, 90 days after the Ninth Circuit

17  affirmed it.  *Id.* at 3.  Based on this date, Judge Boyle found that Martin was required to

18  file his § 2255 petition by July 9, 2019.  *Id.*  Because Martin's petition was not filed until

19  February 8, 2021, Judge Boyle found it untimely.  *Id.*

20         Judge Boyle further concluded that Martin is not entitled to equitable tolling because

21  he was not diligent in pursuing § 2255 relief and no extraordinary circumstances justified

22  the lengthy delay.  *Id.* at 4.  Judge Boyle found that Martin knew of his right to file a § 2255

23  petition as early as May 9, 2018, one month after the Ninth Circuit affirmed his conviction,

24  based on a factual summary he submitted to the State Bar of Texas as part of disciplinary

25  proceedings against his original appellate counsel.  *Id.*[3]  Martin stated in his summary that

26  his counsel advised him on May 9, 2018, that he could file a § 2255 petition, and Martin

27  ───────────

28  [3] Martin's original appellate counsel was publicly reprimanded by the State Bar of Texas for his failure to file a certiorari petition on Martin's behalf, and was ordered to pay restitution.  Doc. 16-1 at 18-19.

wrote a letter to counsel on May 16, 2018 regarding the importance of doing so in a timely manner. *Id.* (citing Doc. 16-1 at 13). Judge Boyle also concluded that Martin knew by August 19, 2019 that his appellate counsel did not properly file a petition for writ of certiorari, and initiated a bar complaint against his counsel between January and May 2020. *Id.* Judge Boyle noted that Martin had access to the prison's law library before submitting the bar complaint and that the complaint, a detailed factual summary, and exhibits demonstrate that Martin had access to computers and documents. *Id.* at 4-5. Judge Boyle thus found that Martin "had the ability to file a § 2255 [petition] within one year of August 19, 2019 (the date he knew a certiorari petition had not been filed)," and did not show that extraordinary circumstances prevented him from doing so. *Id.* at 5.

Judge Boyle found that Martin's lack of legal training did not warrant equitable tolling of the limitations period, noting that he had been advised of the importance of filing a § 2255 petition by at least May 16, 2018, had access to legal advice by a second appellate attorney as of January 10, 2020, and was able to file the instant petition pro se. *Id.* Judge Boyle found that Martin was not entitled to equitable tolling based on the facts of *Holland v. Florida,* 560 U.S. 631 (2010), in which the petitioner had substantial difficulties with counsel. Judge Boyle concluded that Martin did not show the same level of diligence as the petitioner in *Holland*, choosing to "pursue[] a bar grievance against his former counsel rather than filing a § 2255 petition[.]" *Id.* at 6.

### III.  R&R Standard of Review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985).

### III.  Timeliness of § 2255 Petitions.

A one-year statute of limitations applies to § 2255 petitions. 28 U.S.C. § 2255(f). The one-year period runs from the date on which the judgment of conviction becomes final.

§ 2255(f)(1).  A judgment becomes final when the Supreme Court "affirms [the] conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."  *Clay v. United States*, 537 U.S. 522, 527 (2003).  Supreme Court Rule 13 provides that a petition for writ of certiorari must be filed within 90 days after entry of the judgment or order sought to be reviewed.  Martin's conviction therefore became final 90 days after the Ninth Circuit affirmed it.

Equitable tolling may apply where a petitioner shows that "extraordinary circumstances" prevented him from filing on time and that he has diligently pursued his rights.  *See Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015) (citing *Holland*, 560 U.S. at 649).  "'[T]he threshold necessary to trigger equitable tolling . . . is very high.'"  *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010) (quoting *Menodza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006)).  Martin bears the burden of satisfying the requirements for equitable tolling.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

## IV.   Objections.

### A.   Martin's Arguments.

Martin objects to Judge Boyle's determination that he is not entitled to equitable tolling.  He argues that he was "not able and could not successfully file a [§] 2255 petition in a timely manner" and that the R&R ignores circumstances beyond his control.  Doc. 20 at 2.  Martin emphasizes that his original appellate counsel was ineffective and committed professional misconduct by not filing a petition for writ of certiorari with the Supreme Court, which would have tolled the period for filing a § 2255 petition.  *Id.*  He argues that he was "under [the] strong impression," based on counsel's communications, that counsel was submitting a petition for certiorari.  *Id.*  Martin argues that he did not learn that counsel failed to submit the petition for certiorari until after the time for filing his § 2255 petition had passed.  *Id.* at 4.

Martin argues that he was as diligent as he reasonably could have been in pursuing his right to file a § 2255 petition.  *Id.* at 5.  While the R&R stated that he knew of his rights to post-conviction relief and the deadlines for filing, Martin objects that he did not know

"how, where, or what to file" for a § 2255 or certiorari petition. *Id.* at 6.  He argues that he wrote to his original appellate counsel and emphasized the importance of timely filings because "he was relying solely on counsel to provide an adequate [petition for] writ of certiorari" and "only wanted the timely submission to avoid [compromise] of his [§] 2255 petition deadline." *Id.*  He also notes that he learned his counsel had not submitted a certiorari petition by writing directly to the clerk of the Supreme Court, rather than waiting for counsel to tell him, demonstrating his diligence in pursuing his rights. *Id.* at 7.

Martin also argues that the COVID-19 pandemic prevented him from timely submitting his § 2255 petition.  "Starting around March 2020," he argues, lockdowns due to the COVID-19 pandemic "rigorously took away chances to work with newly hired appellate counsel" or to use the prison's law library to pursue his rights pro se. *Id.* at 3, 7. He argues that these extraordinary circumstances persisted until he was released in August 2020. *Id.* at 3-4.  Following his release, he "spent another few months in a halfway house before going to home confinement," during which time he "did not have legal resources to work with[,] thus triggering more delayed time." *Id.* at 4.

### B.   Analysis.

Judge Boyle correctly concluded that the statute of limitations on Martin's § 2255 petition began running on July 9, 2018 – the date when his time to file a petition for writ of certiorari expired.  Absent equitable tolling, the period for Martin to file a timely § 2255 petition thus ended one year later on July 9, 2019, rendering his February 8, 2021 petition untimely by nearly 19 months.

The Court finds, however, that the failure of Martin's appellate counsel to file a petition for writ of certiorari – which would have prevented the § 2255 statute of limitations from beginning to run – was an extraordinary circumstance that prevented Martin from filing his § 2255 petition by July 9, 2019.  Martin's counsel advised him of his right to file a petition for certiorari and the deadline for doing so on April 24, 2018.  Doc. 16-1 at 12. Martin wrote to counsel on May 7, 2018, stressing the importance of filing the petition. *Id.* at 12-13.  On May 9, 2018, counsel advised him of his right to file a § 2255 petition. *Id.* at

13.  Martin again wrote to counsel on May 16, 2018 – and two more times thereafter – about the importance of timely filing the certiorari and § 2255 petitions.  *Id.*  In August 2018, counsel reassured Martin and his family that he had filed a petition for certiorari.  *Id.* at 14.  At some point in June 2019, Martin wrote directly to the clerk of the Supreme Court and inquired about the status of his certiorari petition.  *Id.* at 15.  These actions show Martin's diligence during the period he was relying on counsel.

Martin's original appellate counsel never filed a proper certiorari petition.  On August 11, 2019, Martin's mother told him that Martin's new appellate attorney was curious as to why he could not find the date that a certiorari petition was denied.  *Id.*  On August 19, 2019 – more than a month after the one-year period for filing his § 2255 petition had expired – Martin received a letter from the clerk of the Supreme Court informing him that a proper certiorari petition had never been filed.  *Id.*[4]  During later bar disciplinary proceedings, Martin's counsel admitted that he failed to properly file the petition for certiorari.  *Id.* at 3.  The State Bar of Texas found that counsel committed professional misconduct, publicly reprimanded him, and ordered him to pay restitution.  *Id.* at 18-19.

The misconduct of Martin's attorney was sufficiently egregious to justify equitable tolling of the one-year limitations period.  *Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003); *Porter v. Ollison*, 620 F.3d 952, 961 (9th Cir. 2010).  Despite many attempts by Martin to ensure that the path to § 2255 relief remained open, counsel failed to properly file a petition for writ of certiorari and concealed that fact.  Martin did not discover his attorney's misconduct until after the § 2255 statute of limitations had expired; it was already too late for him to file a timely petition.  The Court concludes that Martin's time for filing a § 2255 petition should be equitably tolled from July 9, 2018 (the day his conviction became final) until August 19, 2019 (the day he learned that the certiorari petition had never been filed properly by his lawyer).

---

[4] It appears that Martin's original appellate counsel did submit a petition for writ of certiorari, but it was deficient.  Counsel was advised of the deficiencies on July 19, 2018, and was given 60 days to cure them, but apparently neither advised Martin that the petition was deficient nor filed a corrected one.  *Id.*

The key question, then, is whether Martin is entitled to further equitable tolling for the 529 days that elapsed between August 19, 2019 and the day he actually filed his petition, January 30, 2021. Martin has not shown that the misconduct of his original appellate counsel can give rise to equitable tolling during this period. Once Martin learned that his lawyer had not filed a petition for certiorari that would toll the period for filing a § 2255 petition, he was obligated to act diligently in filing his § 2255 petition. His failure to do so after August 19, 2019 precludes further equitable tolling. *See Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) ("If a person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."); *Spitsyn*, 345 F.3d at 802 (citing *Valverde*).

Martin does not describe any effort he made to file his petition during the 529 days after August 19, 2019. He emphasizes his lack of legal training and his ignorance of "how, where, or what to file." Doc. 20 at 6. But the law precludes this argument. "[I]gnorance of the law and *pro se* status are insufficient to establish equitable tolling." *McKinney v. Gore*, No. 12-CV-1591-DMS (WVG), 2013 WL 990995, at *11 (S.D. Cal. Jan. 23, 2013); *see also Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A *pro se* prisoner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *Singletary v. Newland*, No. C 00-20807 JF (PR), 2001 WL 1220738, at *2 ("A misunderstanding of the complexities of federal habeas relief is not considered an extraordinary circumstance or external factor for purposes of avoiding an otherwise valid dismissal[.]").

Martin argues that lockdowns from the COVID-19 pandemic prevented him from filing a § 2255 petition. Doc. 20 at 3, 7. But this argument is unpersuasive for several reasons. First, COVID-19 was not declared a pandemic by the World Health Organization until March 11, 2020, almost seven months after Martin discovered that his attorney had not filed a petition for writ of certiorari. *Eschief v. United States*, No. CV 21-01276 PHX

JJT (CDB), 2022 WL 1542085, at *5 (D. Ariz. Feb 18, 2022).  Martin does not describe any diligence he exercised during these seven months.  Second, Martin was represented by new counsel beginning in January 2020, and clearly was able to file his § 2255 petition earlier than January 30, 2021.  *See* Doc. 16-1 at 16 (Movant's summary to the Texas Bar that "newly appointed counsel team" contacted another attorney "on January 10, 2020. . . related to client's § 2255 petition" and ineffective assistance of counsel); Doc. 1 at 10 (Martin's § 2255 petition, mailed on January 30, 2021, but actually dated April 2, 2020); Doc. 2 at 21 (Martin's memorandum submitted with his petition, mailed on January 30, 2021, but actually dated July 2020).  Martin does not explain why he was unable to utilize his new counsel before and during the pandemic, or how he was able to complete a petition and memorandum during the pandemic that he did not file until months later.  Third, Martin was active in litigating the bar complaint against his original appellate attorney during the first half of 2020, demonstrating that he was able to take legal action during the pandemic.  *See* Doc. 16-1 at 2 (showing that Martin initiated the bar complaint in early 2020 based on case number 202001232 and response from counsel on May 22, 2020); Docs. 1 at 10, 2 at 20.  Fourth, Martin was released to a halfway house and home confinement in August 2020, more than five months before he filed his petition.  Doc. 20 at 4.  He does not explain what diligence he exercised during this period.  Finally, Martin filed his § 2255 petition pro se, showing he was able to craft a petition.  He does not explain why he could not do so earlier.

For these reasons, the Court concludes that Martin has not shown he was diligent during the almost seven months that preceded the COVID-19 lockdown, during the lockdown itself, or during the more than five months after he was released from custody. Martin accordingly is not entitled to equitable tolling during the 529 days that elapsed between August 19, 2019 and the filing of his § 2255 petition.  *Eschief*, 2022 WL 1542085, at *5-6; *United States v. Latin*, No. 21-00453 JMS-RT, 2022 WL 676670, at 8* (D. Haw. Mar. 7, 2022).  The petition is barred by the one-year limitations period imposed by Congress in § 2255(f).

Martin relies heavily on *Holland,* but its facts are not helpful to him.  While it is true that Martin in some respects resembles the petitioner in *Holland,* who "not only wrote his attorney numerous letters seeking crucial information and providing direction [but also] repeatedly contacted the state courts, their clerks, and the Florida State Bar Association," the petitioner in *Holland* was more diligent than Martin.  He "prepared his own habeas petition *pro se* and promptly filed it with the District Court" on "the *very day* that [he] discovered" the statute of limitations on his habeas claim had run.  560 U.S. at 653 (emphasis in original).  Martin, by contrast, waited 529 days to file his petition.

**V.      Typographical Error.**

The government objects to a typographical error in footnote four of the R&R.  Doc. 19 at 1.  The Court will correct the error.  The final sentence of the footnote should read: "The court does not need to rely on these dates because the record is well established that Petitioner could have mailed a § 2255 petition well before January 30, 2021."  With this minor correction, the Court will accept the R&R.

**VI.      Certificate of Appealability.**

Martin objects to Judge Boyle's recommendation that a certificate of appealability be denied.  Doc. 20 at 10.  But Martin has not shown a denial of a constitutional right, and no reasonable jurist would find his petition timely.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS ORDERED:**

1.      Judge Boyle's R&R (Doc. 18) is **accepted**.

2.      Martin's petition to vacate his sentence (Doc. 1) is **dismissed** with prejudice.

3.      A certificate of appealability is **denied**.

4.      The Clerk is directed to **terminate** this action.

Dated this 21st day of June, 2022.

David G. Campbell
Senior United States District Judge